N THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | | |
|---|---|---|
| DAVID STIEGLITZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT

The Plaintiff DAVID STIEGLITZ (hereinafter referred to as "STIEGLITZ") and for his complaint against the Defendant CITY OF CHICAGO (hereinafter referred to as the "CITY") states:

### COUNT I –
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,
### AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991

1. This action is brought for damages sustained by STIEGLITZ by reason of the CITY's violation of his civil rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

2. At all times relevant hereto, STIEGLITZ was and is a citizen of the United States, a resident of the Northern District of Illinois and is Caucasian.

3. At all times relevant hereto, the CITY was and is a municipal corporation organized and existing under the laws of the State of Illinois with its principal place of business located at headquarters located at 121 N. LaSalle Street, Chicago, Illinois 60602.

4. At all times relevant hereto, the CITY was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

5. This Court has jurisdiction pursuant to 28 USC §1343 and §1331.

6. Venue is appropriate in this Court pursuant to 28 USC §1391 since the complained of conduct occurred in this District.

7. On or about November 4, 2005, STIEGLITZ was hired by the CITY to the position of Fire Fighter for the Chicago Fire Department.

8. Since June 20, 2008, STIEGLITZ held a CDL driver's license which allowed him to drive certain fire department vehicles.

9. Up to October, 2016, STIEGLITZ received favorable performance reviews and accolades from his superiors at the Chicago Fire Department.

10. At all times relevant hereto, it was the policy of the CITY not to discriminate against any employee on the basis of his or her race.

11. At all times relevant hereto, the CITY knew that STIEGLITZ was Caucasian.

12. At all times relevant hereto, it was the policy of the CITY not to retaliate against any employee for opposing any practice made unlawful under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

13. Nevertheless, commencing in October, 2016, STIEGLITZ was discriminated against because of his race.

14. In May, 2016, STIEGLITZ was transferred from the firehouse located at 212 W. Cermak to the firehouse located at 1129 W. Chicago Avenue in Chicago.

15. At that time, STIEGLITZ was the only Caucasian firefighter assigned to his shift at the firehouse at 1129 W. Chicago Avenue.

16. While STIEGLITZ was assigned to that firehouse to drive the firetruck (#19), on October 2, 2016, he was stripped of his duties and the position was given to two non-certified firemen to drive the truck.

17. At the time he was stripped of his position, STIEGLITZ was advised that the Chicago Fire Department wanted more individuals to drive Truck #19.

18. At the time that STIEGLITZ was stripped of his position, it was unlawful to assign any person to drive any type of truck or vehicle for the Chicago Fire Department who was not certified to drive that vehicle or truck.

19. Both of the non-certified fireman assigned to drive the truck were African-American.

20. The assignment was made by Captain Steven Clay, also an African-American.

21. Contrary to the CITY's position, its decision to remove STIEGLITZ from driving and, instead, use two African-American firemen who were not certified to drive the truck, was based on his race.

22. Thus, the articulated reason given by the CITY for STIEGLITZ's removal from driving Truck 19 was merely a pretext for the CITY's discrimination against him on the basis of his race.

23. Since STIEGLITZ did not engage in any misconduct that would warrant his removal from driving Truck 19, the CITY has, therefore, discriminated against him because of his race in violation of his rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

24. On September 19, 2017, the Equal Employment Opportunity Commission received STIEGLITZ's charge of discrimination.

25. Pursuant to STIEGLITZ's request, on October 18, 2018, the Equal Employment Opportunity Commission issued him a notice of right to sue. A true and correct copy of this notice is attached hereto as ***Exhibit A***.

26. Less than ninety days have expired since STIEGLITZ's receipt of this notice of right to sue.

27. The CITY's violation of STIEGLITZ's civil rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, has caused STIEGLITZ pecuniary damages.

WHEREFORE the Plaintiff DAVID STIEGLITZ requests that this Court enter judgment in his favor and against the Defendant CITY OF CHICAGO as follows:

    a. Enjoining the CITY from engaging in such unlawful employment practices as alleged in this complaint.

    b. Requiring the CITY to reinstate STIEGLITZ to his position as driver of Truck 19 at the rate of pay comparable to what he would have been receiving if not for the civil rights violations committed against him by the CITY.

    c.    Making STIEGLITZ whole as to all salary, benefits and seniority status that would have accrued but for the civil rights violations committed by the CITY.

    d.    Awarding STIEGLITZ compensatory damages in an amount to be determined at trial;

    e.    Awarding STIEGLITZ attorney's fees, costs and prejudgment interest.

    f.    Awarding STIEGLITZ such other and further relief as this Court may deem appropriate.

THE PLAINTIFF REQUESTS TRIAL BY JURY.

## COUNT II –
### Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991

The Plaintiff DAVID STIEGLITZ (hereinafter referred to as "STIEGLITZ") and for his complaint against the Defendant CITY OF CHICAGO (hereinafter referred to as the "CITY") states:

1-21.    STIEGLITZ repeats, realleges and incorporates by reference paragraphs 1 through 21 of Count I as paragraphs 1 through 21 of Count II.

22.    In November, 2016, STIEGLITZ went to the Inspector General's Office of the CITY and complained that he was being discriminated against because of his race.

23.    At that time, the Inspector General's Office advised STIEGLITZ that no one from that office was going to do any type of investigation.

24. On or about that same time, STIEGLITZ complained of race discrimination to the EEO Department of the CITY STIEGLITZ was told that the EEO Department would have to get back to him after they spoke to the CITY.

25. The EEO contacted STIEGLITZ a few weeks later and indicated that there was nothing that office could do.

26. STIEGLITZ subsequently received a call from the CITY's Internal Affairs Department about the two African-American firefighters who were not certified to drive the truck that he should have been driving.

27. The Internal Affairs Department advised STIEGLITZ that it was going to have to look into this and get back to him.

28. On or about June 1, 2017, STIEGLITZ received a letter from Internal Affairs which indicated that he was no longer to drive any vehicle for the CITY because he was not certified.

29. Moreover, STIEGLITZ was advised that he was suspended as a driver for the Chicago Fire Department until he got re-certified.

30. On or about June 1, 2017, STIEGLITZ contacted Internal Affairs through his union and advised Internal Affairs that he was certified and did not need to be re-certified.

31. On or about June 1, 2017, Internal Affairs responded to STIEGLITZ and indicated that he was still suspended until he got re-certified to drive a truck.

32. At the end of June, 2017, STIEGLITZ was notified that the CITY acknowledged that he was certified and that he could drive a truck.

33. On July 2, 2017, STIEGLITZ was allowed to drive Truck 19 but not on a permanent basis.

34. The CITY's conduct of disallowing STIEGLITZ from permanently driving Truck 19 and only allowing him to drive Truck 19 on an occasional basis was done in retaliation for STIEGLITZ complaining about race discrimination.

35. The CITY has, therefore, violated Section 704(a) of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000(e-3)(a) by discriminating against STIEGLITZ because he opposed various practices which constituted unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964.

36. The CITY's above-mentioned conduct was undertaken with conscious or reckless indifference to STIEGLITZ's rights under Section 704(a) of Title VII of the Civil Rights Act of 1964.

37. On September 19, 2017, the Equal Employment Opportunity Commission received STIEGLITZ's charge of discrimination.

38. Pursuant to STIEGLITZ's request, on October 18, 2018, the Equal Employment Opportunity Commission issued him a notice of right to sue. A true and correct copy of this notice is attached hereto as *Exhibit A*.

39. Less than ninety days have expired since STIEGLITZ's receipt of this notice of right to sue.

40. The CITY's violations of STIEGLITZ's civil rights under Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 has caused STIEGLITZ pecuniary damages.

WHEREFORE, the Plaintiff DAVID STIEGLITZ's requests that this Court enter judgment in his favor and against the Defendant CITY OF CHICAGO as follows:

a. Enjoining the CITY from engaging in such unlawful employment practices as alleged in this amended complaint;

b. That STIEGLITZ's be made whole as to all salary, benefits and seniority status that would have been accrued but for the civil rights violations committed by the CITY;

c. Awarding STIEGLITZ's compensatory damages in an amount to be determined at trial;

d. Awarding STIEGLITZ's attorney's fees pursuant to 42 U.S.C. § 2000(e)-5(k) and pre-judgment interest; and

e. Awarding STIEGLITZ's such other relief as this Court may deem appropriate.

THE PLAINTIFF REQUESTS TRIAL BY JURY.

                                      Respectfully submitted,

                                      s/Joel F. Handler
                                      JOEL F. HANDLER (#1115812)
                                      One E. Wacker Drive, Suite510
                                      Chicago, Illinois 60601
                                      (312) 832-0008
                                      Attorney for the Plaintiff,
                                      DAVID STIEGLITZ