

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| DAVID STIEGLITZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-cv-00076 |
| ) | |
| CITY OF CHICAGO, ) | Judge Charles P. Kocoras |
| ) | |
| Defendant. ) | |

## SECOND AMENDED COMPLAINT

The Plaintiff DAVID STIEGLITZ (hereinafter referred to as "STIEGLITZ") and for his second amended complaint against the Defendant CITY OF CHICAGO (hereinafter referred to as the "CITY") states:

### COUNT I –
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,
### AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991

1. This action is brought for damages sustained by STIEGLITZ by reason of the CITY's violation of his civil rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

2. At all times relevant hereto, STIEGLITZ was and is a citizen of the United States, a resident of the Northern District of Illinois and is Caucasian.

3. At all times relevant hereto, the CITY was and is a municipal corporation organized and existing under the laws of the State of Illinois with its principal place of business located at headquarters located at 121 N. LaSalle Street, Chicago, Illinois 60602.

4. At all times relevant hereto, the CITY was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

5. This Court has jurisdiction pursuant to 28 USC §1343 and §1331.

6. Venue is appropriate in this Court pursuant to 28 USC §1391 since the complained of conduct occurred in this District.

7. On or about November 4, 2005, STIEGLITZ was hired by the CITY to the position of Fire Fighter for the Chicago Fire Department.

8. Since June 20, 2008, STIEGLITZ held a CDL driver's license which allowed him to drive certain fire department vehicles.

9. In May, 2016, STIEGLITZ was transferred from the firehouse located at 212 W. Cermak to the firehouse located at 1129 W. Chicago Avenue in Chicago.

10. STIEGLITZ was transferred to the Chicago Avenue firehouse for the express purpose of driving firetruck #19.

11. Even though STIEGLITZ was transferred in May, 2016, he did not start at the Chicago Avenue firehouse until June, 2016.

12. At that time that he began at the Chicago Avenue firehouse, STIEGLITZ was the only Caucasian firefighter assigned to the third shift at the firehouse at 1129 W. Chicago Avenue.

13. At that firehouse, STIEGLITZ reported to Captain Steven Clay, an African-American and took all of his orders from Captain Clay.

14. At all times relevant hereto, it was the policy of the CITY not to discriminate against any employee on the basis of his or her race.

15. At all times relevant hereto, the CITY knew that STIEGLITZ was Caucasian.

16. At all times relevant hereto, it was the policy of the CITY not to retaliate against any employee for opposing any practice made unlawful under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

17. At the times relevant hereto, it was unlawful to assign any person to drive any type of truck or vehicle for the Chicago Fire Department who was not certified to drive that vehicle or truck.

18. Despite these policies of the CITY, the CITY discriminated against STIEGLITZ because of his race and retaliated against STIEGLITZ for exercising his rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

19. Even though STIEGLITZ was transferred to the Chicago Avenue firehouse for the express purpose of driving firetruck #19 and Captain Clay knew the reason for STIEGLITZ coming to 1129 W. Chicago Avenue, Captain Clay discriminated against STIEGLITZ because of his race by giving his position to two African-American fireman who were not certified to drive firetruck #19.

20. Specifically, in January and February, 2017, STIEGLITZ requested on the following dates from Captain Clay that he be able to drive firetruck #19 since that was the purpose of his transfer to the Chicago Avenue firehouse:

      a.      January 24, 2017

      b.      January 27, 2017

      c.      January 30, 2017

      d.      February 2, 2017

      e.      February 8, 2017

      f.      February 11, 2017

      g.      February 14, 2017

21. On each occasion, Captain Clay discriminated against STIEGLITZ because of his race and denied him the opportunity to drive firetruck #19.

22. Captain Clay told STIEGLITZ that he was going to allow the two African-American firemen who were not certified to drive the truck, to drive the truck on the above dates because he allegedly wanted more individuals to drive firetruck #19. Actually, Captain Clay's claimed reason was a pretext for his race discrimination against STIEGLITZ.

23. Captain Clay's discriminatory decisions economically affected STIEGLITZ because a driver of a firetruck receives extra compensation which amounts to approximately five percent (5%) of his annual salary.

24. By virtue of Captain Clay's race discrimination against STIEGLITZ, however, STIEGLITZ did not receive that additional pay.

25. In November, 2016, STIEGLITZ went to the Inspector General's Office of the CITY and complained that he was being discriminated against because of his race.

26. At that time, the Inspector General's Office advised STIEGLITZ that no one from that office was going to do any type of investigation.

27. On or about that same time, STIEGLITZ complained of race discrimination to the EEO Department of the CITY. STIEGLITZ was told that the EEO Department would have to get back to him after they spoke to the CITY.

28. The EEO Department contacted STIEGLITZ a few weeks later and indicated that there was nothing that office could do.

29. STIEGLITZ subsequently received a call from the CITY's Internal Affairs Department about the two African-American firefighters who were not certified to drive the truck that he should have been driving.

30. The Internal Affairs Department advised STIEGLITZ that it was going to have to look into this situation and get back to him.

31. Instead of the Internal Affairs Department reviewing the situation, on June 2, 2017, STIEGLITZ became aware of a letter dated May 31, 2017 from Internal Affairs that indicated that he could no longer drive any vehicle for the CITY because he was not certified.

32. STIEGLITZ was further advised that he was suspended as a driver for the Chicago Fire Department until he got re-certified.

33. Because he was already certified to drive the firetruck in question, there was no obligation on STIEGLITZ's part to be re-certified and this request of him to be re-certified was only done because of his race and because he raised claims of race discrimination.

34. By virtue of the CITY's discrimination, STIEGLITZ was precluded from driving any vehicle for the CITY during the month of June, 2017.

35. As a result of this discrimination, STIEGLITZ was deprived of further compensation because of his inability to drive any vehicle for the Chicago Fire Department.

36. Thus, the articulated reason given STIEGLITZ by Captain Clay for not allowing him to drive firetruck #19 was merely a pretext for the CITY's discrimination against him on the basis of his race.

37. Since STIEGLITZ did not engage in any misconduct that would warrant his removal from driving firetruck #19, the CITY has, therefore, discriminated against him because of his race in violation of his rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

38. On September 19, 2017, the Equal Employment Opportunity Commission received STIEGLITZ's charge of discrimination.

39. Pursuant to STIEGLITZ's request, on October 18, 2018, the Equal Employment Opportunity Commission issued him a notice of right to sue. A true and correct copy of this notice is attached hereto as *Exhibit A*.

40. Less than ninety days have expired since STIEGLITZ's receipt of this notice of right to sue.

41. The CITY's violation of STIEGLITZ's civil rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, has caused STIEGLITZ pecuniary damages.

WHEREFORE the Plaintiff DAVID STIEGLITZ requests that this Court enter judgment in his favor and against the Defendant CITY OF CHICAGO as follows:

a. Enjoining the CITY from engaging in such unlawful employment practices as alleged in this complaint.

b. Requiring the CITY to reinstate STIEGLITZ to his position as driver of Truck 19 at the rate of pay comparable to what he would have been receiving if not for the civil rights violations committed against him by the CITY.

c. Making STIEGLITZ whole as to all salary, benefits and seniority status that would have accrued but for the civil rights violations committed by the CITY.

d. Awarding STIEGLITZ compensatory damages in an amount to be determined at trial;

e. Awarding STIEGLITZ attorney's fees, costs and prejudgment interest.

f. Awarding STIEGLITZ such other and further relief as this Court may deem appropriate.

THE PLAINTIFF REQUESTS TRIAL BY JURY.

**COUNT II –**
**Section 704(a) of Title VII of the Civil Rights Act of 1964,**
**as amended by the Civil Rights Act of 1991**

The Plaintiff DAVID STIEGLITZ (hereinafter referred to as "STIEGLITZ") and for his amended complaint against the Defendant CITY OF CHICAGO (hereinafter referred to as the "CITY") states:

1-36. STIEGLITZ repeats, realleges and incorporates by reference paragraphs 1 through 36 of Count I as paragraphs 1 through 36 of Count II.

37. At the end of June, 2017, STIEGLITZ was notified that the CITY acknowledged that he was certified and that he could drive a truck.

38. On July 2, 2017, STIEGLITZ was allowed to drive Truck 19 but not on a permanent basis.

39. The CITY's conduct of disallowing STIEGLITZ from permanently driving Truck 19 and only allowing him to drive Truck 19 on an occasional basis was done in retaliation for STIEGLITZ complaining about race discrimination.

40. The CITY has, therefore, violated Section 704(a) of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000(e-3)(a) by discriminating against STIEGLITZ because he opposed various practices which constituted unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964.

41. The CITY's above-mentioned conduct was undertaken with conscious or reckless indifference to STIEGLITZ's rights under Section 704(a) of Title VII of the Civil Rights Act of 1964.

8

42. On September 19, 2017, the Equal Employment Opportunity Commission received STIEGLITZ's charge of discrimination.

43. Pursuant to STIEGLITZ's request, on October 18, 2018, the Equal Employment Opportunity Commission issued him a notice of right to sue. A true and correct copy of this notice is attached hereto as ***Exhibit A***.

44. Less than ninety days have expired since STIEGLITZ's receipt of this notice of right to sue.

45. The CITY's violations of STIEGLITZ's civil rights under Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 has caused STIEGLITZ pecuniary damages.

WHEREFORE, the Plaintiff DAVID STIEGLITZ's requests that this Court enter judgment in his favor and against the Defendant CITY OF CHICAGO as follows:

   a. Enjoining the CITY from engaging in such unlawful employment practices as alleged in this amended complaint;

   b. That STIEGLITZ's be made whole as to all salary, benefits and seniority status that would have been accrued but for the civil rights violations committed by the CITY;

   c. Awarding STIEGLITZ's compensatory damages in an amount to be determined at trial;

   d. Awarding STIEGLITZ's attorney's fees pursuant to 42 U.S.C. § 2000(e)-5(k) and pre-judgment interest; and

  e. Awarding STIEGLITZ's such other relief as this Court may deem appropriate.

THE PLAINTIFF REQUESTS TRIAL BY JURY.

            Respectfully submitted,

            s/Joel F. Handler
            JOEL F. HANDLER (#1115812)
            One E. Wacker Drive, Suite510
            Chicago, Illinois 60601
            (312) 832-0008
            Attorney for the Plaintiff,
            DAVID STIEGLITZ

# EXHIBIT A

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: David Stieglitz<br>c/o Gary Martoccio, Esq.<br>Spielberger Law Group<br>202 S. Hoover Blvd.<br>Tampa, Fl. 33609 | From: Chicago District Office<br>500 W. Madison St.<br>Suite 2000<br>Chicago, IL 60661 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No.: |
|---|---|---|
| 440-2017-06201 | Janel Smith, Investigator | (312) 869-8136 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Julianne Bowman, District Director

10/18/18 (Date Mailed)

Enclosure(s)

cc: CITY OF CHICAGO FIRE DEPARTMENT

C/O Marion C. Moore
Assistant Corporation Counsel
City of Chicago Department of Law
30 N. LaSalle St., Suite 1040
Chicago, Illinois 60602