**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT**

| | | |
|---|---|---|
| DAVID STIEGLITZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19-cv-00076 |
| v. | ) | |
| | ) | Judge Steven C. Seeger |
| CITY OF CHICAGO, | ) | |
| | ) | Magistrate Judge Jeffrey T. Gilbert |
| Defendant. | ) | |

**MOTION FOR LEAVE TO AMEND ANSWER AND FILE
MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT IN EXCESS OF PAGE LIMIT**

Defendant City of Chicago ("the City"), by its attorney, Celia Meza, Acting Corporation Counsel of the City of Chicago, respectfully requests leave to amend an inaccurate admission in their Answer to Plaintiff's Second Amended Complaint and to file a memorandum of law in support of a motion for summary judgment not exceeding 20 pages pursuant to Fed R. Civ. P. 15(a)(2) and Local Rule 7.1. In support of this motion, the City states as follows:

1.      On April 23, 2019, Plaintiff, a firefighter with the Chicago Fire Department, filed a Second Amended Complaint against the City alleging reverse race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*). *See* ECF No. 21, Second Amended Complaint ("the SAC").

2.      Plaintiff alleges in paragraph 25 of his Second Amended Complaint the following: "In November, 2016, STIEGLITZ went to the Inspector General's Office of the CITY and complained that he was being discriminated because of his race." ECF No. 21, at ¶ 25.

3.      In response to Plaintiff's allegations in paragraph 25, the City stated the following: "The City admits that Plaintiff went to the Inspector General's Office of the City and

complained that he was being discriminated against because of his race on or about January 2017." ECF No. 26, City's Answer, Affirmative Defenses, and Jury Demand to Plaintiff's Second Amended Complaint to Defendant City of Chicago, ¶ 25.

4.     The City's admission, however, was made in error as it does not conform with proof developed through discovery. On January 30, 2017, Plaintiff contacted the City's Office of the Inspector General and complained that CFD was allowing drivers to drive vehicles without the proper certification; he never told the OIG that the actions were based on race. Specifically, Plaintiff complained that the Chicago Fire Department implemented a new policy on driver certifications but two drivers, firefighters Bryan Sledge and Roy Linzy-Turner, were being allowed to drive without proper compliance with the new policy. Plaintiff also complained that he was "supposed to be grandfathered in and exempt from the additional certification requirements pursuant to the new policy, but he was informed that he is not in the class of grandfathered drivers." Exhibit A, Inspector General's Investigative Report. The City produced the Inspector General's Case File on March 17, 2020.

5.     The City proposes to amend its answer as follows: "The City admits that Plaintiff went to the Inspector General's Office of the City and complained of driver certification issues on January 30, 2017, but denies the remaining allegations of paragraph 25."

6.     Fed. R. Civ. P. 15(a) states that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." A district court may deny leave to amend a pleading in the case of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT& T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007). However, "[d]elay on its own

is usually not reason enough for a court to deny a motion to amend." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). The decision to grant or deny a proposed amendment is within the sound discretion of the district court. *King v. Cooke*, 26 F.3d 720 (7th Cir. 1994) (district court did not abuse its discretion when it granted leave to defendants to amend their answer more than three (3) years after filing answer to correct an inadvertent admission).

7.      The City did not intentionally delay the correction of the mistake, which was recently discovered and the City is promptly moving to amend. *See id.*

8.      No prejudice is presented by leave to amend as Plaintiff is the one who made the complaint to the OIG.  He has had the OIG intake form since March 17, 2020. It contains no mention of race. Exhibit A, Inspector General's Investigative Report. Furthermore, this proposed amendment to one paragraph of the Answer would not require additional discovery.

9.      The City further requests leave to file a memorandum of law not to exceed 20 pages in support of its Motion for Summary Judgment pursuant to Local Rule 7.1. Due to the unique nature of the Chicago Fire Department's operations, the City requires additional pages to sufficiently explain the various terms and procedures employed by the Chicago Fire Department and to aid the understanding of the Court.  In order to address all of the factual allegations and to adequately raise the legal arguments, the City respectfully requests leave of court to file the motion for summary judgment with supporting memorandum of law in excess of the page limit.

WHEREFORE, Defendant City of Chicago respectfully requests leave of court to amend an inaccurate admission in their Answer to Plaintiff's Second Amended Complaint, and to file a memorandum of law in support of a motion for summary judgment not exceeding 20 pages pursuant to Fed R. Civ. P. 15(a)(2) and Local Rule 7.1.

3

Dated: January 13, 2021         Respectfully submitted,

CELIA MEZA
Acting Corporation Counsel of the City of Chicago

By: _/s/ C. Ester Choi_
C. ESTER CHOI
Assistant Corporation Counsel

City of Chicago, Department of Law
Employment Litigation Division
2 North LaSalle Street, Suite 640
Chicago, Illinois  60602
(312) 742-4045
Ester.Choi@CityofChicago.org

4

## INSPECTOR GENERAL'S OFFICE
## CITY OF CHICAGO

**INVESTIGATIVE REPORT**

| I.G. NO. | REPORTING INVESTIGATOR | ADDITIONAL INVESTIGATORS | DATE OF REPORT |
|---|---|---|---|
| | Catherine Broomfield | | January 30, 2017 |

| DATE OF OCCURRENCE | SUBJECT MATTER OF REPORT |
|---|---|
| January 30, 2017 | Complaint of Daniel Stieglitz |

On January 30, 2017, the reporting investigator (RI) received a telephonic complaint from Chicago Fire Department (CFD) Firefighter-EMT David Stieglitz via the hotline. The following is a summary of the complaint and is not verbatim.

Stieglitz is a certified truck driver for CFD; he previously drove Truck 4 as the second driver for the CFD Station located in Chinatown. Recently, however, the City changed its policies and additional certification is needed to drive certain trucks like the aerial tower trucks. Stieglitz was supposed to be grandfathered in and exempt from the additional certification requirements, but he was informed that he was not in the class of grandfathered drivers. Stieglitz changed fire houses in May 2016 and began driving CFD Truck 19 as the number one driver. Stieglitz is not certified to drive this truck either, but Union representatives have told him that because there are not enough drivers available the City and CFD are overlooking the issue.

Stieglitz is also aware that Firefighter-EMT Bryan Sledge and Captain-EMT Roy Lindsey-Turner, two friends of Captain-EMT Steven Clay, are not certified to drive any trucks period, but do so anyway. Sledge and Turner have replaced Stieglitz as the primary drivers of Truck 19. Drivers are paid more than regular Firefighters so Stieglitz perceives anyone driving without the proper certification as stealing from the City.

Chicago Firefighters Union Local 2 ("Local 2") 1st District Business Agent Peter Sullivan and Local 2 Vice President Patrick Cleary have told Stieglitz that they spoke to CFD management regarding the issue and that the Department is aware of the lack of certification of its CFD truck drivers. Clearly told Stieglitz not to "make waves" and that the Union will not be filing a grievance.

Stieglitz described the issue as a catch-22; he wants to continue driving but feels driving without the proper certification is wrong, despite Local 2's advisements. Stieglitz thinks the City needs to start certifying its truck drivers and not turning a blind eye simply due to a shortage of drivers. To protect himself, Stieglitz has been writing "Firefighter Stieglitz is not certified" next to all of his entries in logbooks at the station house.

Stieglitz said the enhanced certification requirement has been codified in a new general order, though he did not know the order number.

# EXHIBIT A

| | It is unlawful to disseminate this report or its contents without the express written authorization of the Inspector General of the City of Chicago. | PAGE 1 of 1 |
|---|---|---|

19-CV-00076  0002

CONFIDENTIAL - SUBJECT
TO PROTECTIVE ORDER

DEF-STIEG 000849